UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                    CASE NO: 2:14-cr-45-FtM-38CM

EDWIN ALEXANDER ALVEREZ-
LOPEZ

## ORDER[1]

This matter comes before the Court on the United States' Motion for Revocation of the Magistrate Judge's Order granting Conditions of Release (Doc. #17) filed on May 27, 2014.  On June 2, 2014, the Court heard argument on the Government's Motion. Michael Bagge-Hernandez, Assistant United States Attorney, appeared for the Government.  Russell Rosenthal, Assistant Federal Public Defender, appeared on behalf of the Defendant.

## BACKGROUND

The Defendant has been living in the United States since 1993.  Immediately upon entry into the United States the Defendant sought asylum based upon the political situation in his country of origin.  The Defendant's request remained pending until it was denied in 2000.  Defendant is married and has lived with his wife for approximately

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

twenty (20) years in the Homestead, Florida, geographical area. Together they have four (4) children, all of whom are U.S. citizens.

Defendant previously owned a business during the time he possessed a work visa; however, the work visa was revoked in 2000 after his request for asylum was denied. Since that time, Defendant has not been legally employed. Although the Defendant has no felony criminal history, the Defendant has a prior criminal history consisting of driving while under the influence and driving while license suspended or revoked.[2] The Defendant has no ties to the Middle District of Florida.

Defendant initially represented himself in the immigration proceedings, and his request for asylum was eventually denied in 2000. After the denial of asylum, the Defendant was directed to leave the United States or be removed; however, he remained in the United States living in Homestead, Florida. The Defendant again attempted to solve the immigration matter in 2007 with retained counsel but was eventually deported.

On March 22, 2010, the Defendant was stopped while driving with an expired license in Collier County, Florida. On April 10, 2010, the Defendant was scheduled to appear in Court on a traffic citation; however, he failed to appear and a bench warrant was issued. The warrant was served on March 18, 2014, and the Defendant was adjudicated guilty on May 1, 2014, and sentenced to serve ninety (90) days.

---

[2] The Defendant's Criminal History consists of: (1) possession of an alcoholic beverage by a minor in Miami Dade County on October 8, 1993, at the age of seventeen (17); (2) Driving under the influence in Miami/ Dade County on October 30, 1994, at the age of eighteen (18); (3) Knowingly driving while his license was suspended in Miami Dade County on January 12, 2001, at the age of twenty-five (25); (4) Driving under the influence in Miami Dade County on January 12, 2001, at the age of twenty-five (25); (5) Illegal immigration (Deportation only) on June 6, 2007, age thirty-one (31); and (6) Driving with an expired license in Collier County, Florida on March 22, 2010.

Immigration officials learned of his illegal status while incarcerated in the Collier County (Naples) Jail Center on the bench warrant.  As a result, an ICE detainer was issued and ICE ordered the removal and deportation of the Defendant.  The Defendant was subsequently indicted on April 17, 2014, on charges of Illegal Reentry into the United States.  The Defendant appeared for an Initial Appearance and Arraignment on May 5, 2014.  A Detention hearing was scheduled before the Magistrate Judge on May 20, 2014.  Upon consideration of the arguments of Counsel and the pretrial services report, the Magistrate Judge determined the Defendant qualified for conditions of release and ordered the release of the Defendant on a $10,000 unsecured bond, if Pretrial Services was able to confirm information relating to the family.  The Order of Release (Doc. #16) was then stayed for seven (7) days to allow the Government to file an appeal to the District Court. (Doc. #15).  The Government timely filed the instant motion requesting a revocation of the Magistrate's Order and a *de novo* review of the issues relating to detention.

## DISCUSSION

The Government moves the Court to reverse the decision of the Magistrate Judge releasing the Defendant on a $10,000.00 bond.  At the hearing, the Government argued the Defendant should be detained pending further proceedings because he is a risk of flight and a danger to the community as outlined in the Bail Reform Act, 18 U.S.C. § 3142.  Defense Counsel argued that the Magistrate Judge did not err in finding that conditions of release are appropriate in this case.

When requested, the district court must promptly undertake an evaluation of the propriety of a magistrate judge's pre-trial detention order. U.S. v. Arevalo, 2013 WL

3

625041, *2 (M.D. Fla. February 19, 2013) (citing U.S. v. King, 849 F.2d 485 (11th Cir.1988)). A district court reviews *de novo* a magistrate judge's pre-trial release order. U.S. v. Megahed, 519 F.Supp.2d 1236, 1241 -1242 (M.D. Fla. 2007) (citing U.S. v. Hurtado, 779 F.2d 1467, 1481 (11th Cir.1985)). Review by the district court contemplates an "independent consideration of all facts properly before it," Megahed, 519 F.Supp.2d at 1241 (citing U.S. v. Gaviria, 828 F.2d 667, 670 (11th Cir.1987) (citing Hurtado, 779 F.2d at 1480-81)). If the district court concludes after a careful review the magistrate judge's findings of facts based on both the parties' papers and the evidence presented at the detention hearing, and the magistrate judge correctly applied the law, "[t]he court may then explicitly adopt the magistrate's pre-trial [release] order." U.S. v. King, 849 F.2d 485, 490 (11th Cir.1988). However, if necessary to the resolution of an essential issue of fact, the district court may marshal further evidence by convening a hearing. Megahed, 519 F.Supp.2d at 1242.

In this particular instance, the Court did not simply rely on the record before the Magistrate Judge, but instead conducted a *de novo* review of the matter by reviewing the entire docket, the papers filed by the parties, the transcript of the hearing held before Magistrate Judge Frazier on May 20, 2014, and received evidence from both parties at an evidentiary hearing held at 9:30 a.m. on June 2, 2014. *See, e.g.,* U. S. v. Arredondo, 1996 WL 521396, at *3–4 (M.D. Fla. Sept.11, 1996) (reversing magistrate judge's conditional order of release after conducting a *de novo* review); U.S. v. Ippolito, 930 F. Supp. 581, 582 (M.D. Fla.1996) (same).

The policy underlying the Bail Reform Act "is to permit release under the least restrictive condition compatible with assuring the future appearance of the defendant."

4

U.S. v. Price, 773 F.2d 1526, 1527 (11th Cir.1985) (per curiam). When the United States seeks to detain a criminal defendant pending trial based on his status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. U.S. v. Ramos, 2014 WL 1515264, *1 (S.D. Fla. April 7, 2014) (citing U.S. v. Medina, 775 F.2d 1398, 1402 (11th Cir.1985)). By contrast, where the Government seeks to detain a defendant based on a contention that he is a danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Id.

Pursuant to 18 U.S.C. § 3142(g), there are several factors the Court shall consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and secure the safety of the community. Those factors to be considered are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of *section 1591,* a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c) (1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

The Court will review the factors to determine the Defendant's risk of flight under the preponderance of the evidence standard and how they impact the Government's Motion for revocation of the Magistrate Judge's Order releasing the Defendant.[3]

As to the nature and circumstances of the offense charged, the Defendant was indicted on April 17, 2014 on charges of Illegal Reentry into the United States. The offense is not a crime of violence, a violation of 21 U.S.C. § 951, a Federal crime of terrorism, nor does it involve a minor victim or a controlled substance, firearm, explosive, or destructive device.

The Government argues that the evidence of the underlying charge against the Defendant is great. Clearly, based upon the evidence and the investigation of the Defendant's status in this Country and his history of seeking asylum, coupled with the ICE detainer, the Court agrees that the evidence indicates that the Defendant's risk of flight in this case is great.

Defense Counsel argues that the Defendant is not a flight risk based on the fact that Defendant has strong family ties. The Government disagrees, arguing that his

---

[3] At hearing and in brief the government additionally argued that the Defendant's past criminal history of DUIs made him a danger to the public, in further support of detention. The Court agrees however with the Magistrate Judge finding that the nature and length of time since these offenses does not support the conclusion that the defendant is a danger to society. Accordingly, the decision to revoke the bond is based upon the Defendant being a risk of flight.

family is located in the Southern District of Florida; specifically, his wife and four (4) children are located in Homestead and his parents are located in Miami Dade County. While the Defendant does have family ties to the Southern District of Florida, and family ties is one indicia that courts look to in evaluating the flight risk of a defendant, his family ties are not in the relevant community. In the federal system, courts look to the ties of a defendant to the judicial district in which the criminal charges have been brought. U.S. v. Rodriguez, 2011 WL 1467221, *2 (S.D. Fla. April 18, 2011). The relevant community in which the defendant faces prosecution in this case is the Middle District of Florida, and the Defendant has NO ties to this district.

The Defendant argues that he has raised his family and worked in the area for approximately twenty (20) years, and has consistently pursued legal status since his first arrival. The Defendant argues that he faces minimal incarceration and would not be willing to abandon potential legal status in the United States nor his strong ties to the area to avoid a minimal sentence. Based upon his particular set of circumstances, the Defendant argues the Court should affirm the decision of the Magistrate Judge and impose conditions of release. However, the Defendant does not own a home nor have any property in the relevant community. Further, he is not employed and is not employable based upon his illegal immigration status. Therefore, the Court finds he does not have any financial ties to this community.

As to his character, although the Defendant asserts no current problems with alcohol, he does admit to having problems with alcohol in the past. His prior history of DUI's is evidence of that fact.

While none of the crimes in the Defendant's history are considered violent, he does have a criminal history and has previously failed to appear for a court proceeding resulting in the issuance of a bench warrant. The Defendant remained undetected as the bench warrant was not served on him for approximately four years. The failure to appear is a strong indication to the Court that the Defendant presents a risk of flight should he be released.

Another factor that the Court considered is that the Defendant was serving a period of 90 days incarceration for his failure to appear on a Driving with an Expired Driver's License charge when this charge was lodged against him.

Additionally, there is an ICE detainer that has been lodged against the Defendant. In his decision releasing the Defendant, the Magistrate Judge indicated there was a presumption in favor of detention based upon the existence of the ICE detainer. However, this Court does not agree with the Magistrate Judge that there is a presumption in favor of detention as that is not stated in the law.

Courts have found that an ICE detainer is a factor in considering the issue of detention. See U.S. v. Al'Saqqa, 2014 WL 252035, *3 (S.D. Fla. January 7, 2014) (finding "although not presumptively determinative, the fact that a defendant has an ICE detainer is also a factor to consider when evaluating the appropriateness of the pretrial detention.") However, it is not the only consideration when applying the Bail Reform Act and therefore, its existence is not dispositive. The Court considers the ICE detainer just as it would the Defendant's other characteristics. Id. However, this Court agrees with the Magistrate Judge when weighing this factor that it weighs heavily in favor of detention.

In summary, because of the weight of the evidence against the Defendant with his history and characteristics, the Court determines the risk of flight is great.

## CONCLUSION

The Court has considered the written and oral arguments of Counsel, the Bond and Conditions of Release, the Pretrial Services Report, and the Magistrate Judge's Order.  For the reasons stated on the record and those enumerated above, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the Defendant's presence at trial in accordance with 18 U.S.C. § 3142(f). The Court finds the defendant should be detained pending further proceedings.

Accordingly, it is now

**ORDERED:**

(1) The United States of America's Motion to Amend/Correct (Doc. #17) is **GRANTED**.

(2) Magistrate Judge Frazier's Order releasing the Defendant, Edwin Alexander Alverez-Lopez is **REVOKED**.

(3) The Defendant Edwin Alexander Alverez-Lopez is remanded to the custody of the U.S. Marshals Service and ordered detained pending further proceedings.

**DONE AND ORDERED** at Fort Myers, Florida, this June 6th, 2014.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record