UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO: 2:14-cr-45-FtM-38CM

EDWIN ALEXANDER ALVEREZ-LOPEZ

### ORDER

This matter comes before the Court on the Defendant Edwin Alexander Alverez-Lopez's Motion for Reconsideration (Doc. #25) filed on June 11, 2014. No response was filed by the Government. The Defendant moves the Court to reconsider its Order overruling the Magistrate Judge's Order releasing the Defendant from custody. On May 20, 2014, the Magistrate Judge release the Defendant on $10,000.00 unsecured bond to be executed by the Defendant's wife. The release was contingent upon the Pretrial services confirming the Defendant's family information presented during the initial detention hearing before the Magistrate Judge. On May 27, 2014, the Government filed a Motion objecting to the Magistrate Judge's Order releasing the Defendant on the unsecured bond. The Defendant was held in custody pending the Court's ruling in the Government's objection.

On June 2, 2014, a hearing was held before the undersigned on the matter. The Court upheld the Government's objection and ordered the Defendant held without bond. The Defendant now moves the Court to reconsider its Order denying release on bond and directing the continued detention of the Defendant.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994).  "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).  The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)).  A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1.  The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993).  "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

The Defendant argues the Court should reconsider its previous Order denying bail arguing the Court erred in one factual matter and one legal matter. The Defendant states the Court erred in consideration of the facts surrounding the procedural history with regards to the Defendant's prior driver's license charge in Collier County. The Defendant also claims the Court made a legal error.

### (1) *Factual Error*

A bench warrant was issued for the Defendant on April 8, 2010, when he failed to appear at his arraignment for the citation he received for driving without a license on March 22, 2010. The Defendant argues that he retained counsel who made an appearance on his behalf on April 15, 2010. The State Court docket sheet does not reflect that the $1000.00 bench warrant was set aside nor that any effort was made to set aside same. On December 15, 2011, a second attorney entered an appearance on behalf of the Defendant in the matter and moved to set aside the bench warrant. Counsel was substituted on February 14, 2012, and on June 12, 2012, the motion to set aside the bench warrant was denied. The Defendant now argues that he voluntarily appeared in Collier County on March 18, 2014, to resolve the issue and thus, demonstrating that he is not a flight risk.

The facts represented by the Defendant in his Motion for reconsideration are not persuasive. While the Defendant now states that he attempted on several occasions to resolve the bench warrant, the fact still remains that he personally refused to appear before the State Court for his arraignment and remained missing for a period of four (4) years. The Defendant does not present any new facts that would change the Court's

previous ruling that the Defendant is a flight risk and the Motion to reconsider based upon the facts is denied.

### (2) *Legal Error*

The Defendant argues that the Court made a legal error by defining the relevant community for consideration of community ties as the community in which the criminal charges have been brought.  In its Order detaining the Defendant, the Court relied on U.S. v. Rodriguez, 2011 WL 1467221, *2 (S.D. Fla. April 18, 2011).  In Rodriguez, the Court held that, in the federal system, courts look to the ties of a defendant to the judicial district in which the criminal charges have been brought. 2011 WL 1467221, at *2.  The Defendant states that it is legal error for this Court to rely on Rodriguez and states the Court should follow the Magistrate Judge's opinion from U.S. v. Yuen, 2011 WL 025134, * 3 (S.D. Fla. 2011).

In Yuen, the Magistrate Judge did not follow Rodriguez, but instead followed the decision of the Ninth Circuit Court of Appeals in United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990).  In Townsend, the Ninth Circuit held that the Court should consider the District in which the alleged criminal charges have been brought and any community within the United States in which the Defendant has ties. Id.  Thus under Townsend, the geographical area which the Court must consider community ties becomes as broad as the entire United States. Id.

This Court does not find the Townsend Court's position to be persuasive.  If the Court were to follow Townsend then the Court would have to consider any district in the United States where the Defendant might have family ties as community ties for its risk of flight determination.  For example, under Townsend if the Defendant is arrested in

4

Naples, Florida but his wife, children, parents and siblings reside in the El Paso Texas, area, the Court would have to consider his ties to the Western District of Texas as ties to the local community.  Such a result would run counter to whole consideration of risk of flight determination.

The Defendant also argues that the Eleventh Circuit has not defined local community and although the Eleventh Circuit did affirm the Rodriguez Court's decision it did not specifically address the Rodriguez Court's definition of local community.  While it is true that the Eleventh Circuit did not specifically address the local community issue in Rodriguez, the Eleventh Circuit did affirm the Rodriguez Court's decision.  Thus, there is no intervening law or change in the law applied by the Court in its Order overruling the Magistrate Judge's release on bond and determination that the Defendant should remain in custody

Accordingly, it is now

**ORDERED:**

The Defendant Edwin Alexander Alverez-Lopez's Motion for Reconsideration (Doc. #25) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this June 25, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

5